# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2026

Lyle W. Cayce
Clerk

No. 25-50979
Summary Calendar

United States of America,

*Plaintiff—Appellee,*

*versus*

Vicente Javier Carrillo-Ojeda,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-1446-1

Before Willett, Duncan, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Vicente Javier Carrillo-Ojeda pleaded guilty to illegal reentry into the United States.  He appeals, arguing that the district court failed to adequately explain the 48-month sentence.  Reviewing this forfeited contention for plain error, *see United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir. 2021), we hold that there was no error, plain or otherwise, in light of the lengthy colloquy at sentencing about an appropriate sentence and the fact-specific

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

reasons given for the variance, *see United States v. Jones*, 75 F.4th 502, 511-12 (5th Cir. 2023).

In addition, Carrillo-Ojeda contends that his sentence is substantively unreasonable. Assuming without deciding that he preserved his substantive reasonableness challenge, *see United States v. Navarro-Jusino*, 993 F.3d 360, 362 n.2 (5th Cir. 2021), we conclude that the district court did not abuse its discretion by varying upward based on Carrillo-Ojeda's criminal history and the need to promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct, *see United States v. Woods*, 102 F.4th 760, 765-66 (5th Cir. 2024); *see also Gall v. United States*, 552 U.S. 38, 47 (2007). The sentence is well below the statutory maximum, and we have upheld proportionally greater variances. *See* 8 U.S.C. § 1326(b)(2); *United States v. Lopez-Velasquez*, 526 F.3d 804, 805, 807-08 (5th Cir. 2008).

AFFIRMED.